# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| PATRICIA B. DOUBLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:09-CV-235 JVB |
| | ) | |
| | ) | |
| FLAIR INTERIORS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Patricia Double sued her former employer Flair Interiors, Inc., and several individual employees of the corporation for discriminating against her on the basis of race and for retaliating against her when she complained about it. Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that it fails to state a claim upon which relief can be granted. For the reasons stated below, the Court denies Defendants' Motion to Dismiss.

**A.  Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570). A court will view all well-pleaded allegations in a light most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Because Plaintiff is proceeding *pro se,* her pleadings are held to a less stringent standard than those of a represented party. *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir.2001) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). Thus, courts liberally construe *pro se* complaints. *Id.* (citation omitted); *see also Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir.1996) ("It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally."). However, "[a]lthough civil litigants who represent themselves . . . benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure." *Downs v. Westphal,* 78 F.3d 1252, 1257 (7th Cir.1996) (citation omitted).

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

## B. Factual and Procedural Background

Plaintiff, a Caucasian woman, was employed by Defendant Flair Interiors, Inc., as a seamstress for about four years. Plaintiff alleges she was the victim of racial discrimination throughout her employment, as she was treated differently than her Latino coworkers. On several instances, Plaintiff experienced trouble with her sewing machine. Despite reporting this to her supervisors, her machine was not fixed in a timely manner. However, when other, non-Caucasian, employees' machines were broken, the line leader, Defendant Juan Salinas, would inform the mechanics, who would promptly fix the machines. In some cases, these other workers were allowed to fix their own machines, but Plaintiff was not allowed to do so.

Plaintiff alleges that two of her coworkers admitted to deliberately doing things to negatively impact Plaintiff in hopes that she would get written up, and ultimately fired. One of these instances resulted in Plaintiff being written up for being too slow. When Plaintiff complained that she was being discriminated against, she was told that she needed to get along with others. Plaintiff also attempted to schedule a meeting with the plant manager, Defendant Randy Cooper, but was not allowed to. However, when four Latino workers wanted to meet with Randy, they were able to do so.

Plaintiff also complained to her supervisors that she was not receiving overtime or as lucrative work as her coworkers. When she complained about the division of work, her supervisor, Defendant Nellie Rosa Lopez, told the line leader to give Plaintiff some of the high-dollar styles to work on. When Plaintiff inquired into why she did not receive overtime, Lopez informed her that it was because Caucasians do not work as hard as Mexicans. Although Plaintiff complained to management that she was being discriminated against, no action was taken.

Plaintiff alleges that, on February 5, 2008, she was terminated for stating, "If my skin was darker, I bet my machine would be fixed." She was informed that she was being fired for not following rules listed in the employee handbook because her activity was considered boisterous, disruptive, insubordinate, and disrespectful.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 3, 2008, alleging employment discrimination by Defendant Flair Interiors. Plaintiff received a letter from the EEOC dated July 8, 2008, that indicated her charge was amended to include retaliation. The EEOC issued a dismissal and notice of rights to Plaintiff, which she received around March 6, 2009, that indicated the EEOC was unable to conclude that the information obtained established a violation of the statutes.

On May 26, 2009, Plaintiff filed her *pro se* Complaint, pursuant to Title VII of the Civil Rights Act of 1964, as amended, against Defendants Flair Interiors, Randy Cooper, Linda Delgado, Jewell Hager, Tony Khalio, Nellie Rosa Lopez, Juan Salinas, Marcela Vazquez, and Heather (Esther). This Complaint was stricken because it was not on the proper form and the summons addressed to Heather (Esther) was returned unexecuted, as this individual could not be located. Plaintiff amended the complaint on June 25, 2009. Defendants filed a Motion to Dismiss on October 21, 2009, pursuant to Federal Rule of Civil Procedure 12(b)(6), in which they maintain Plaintiff's Complaint should be dismissed for failing to state a claim upon which relief can be granted.

**C. Discussion**

Individually named Defendants are not subject to this lawsuit. Title VII imposes liability

on only those entities which qualify as an "employer" and does not provide for individual liability. *Parham v. Beatty*, No. 1:08-cv-17, 2009 WL 112597, at *2 (N.D. Ind. Jan. 16, 2009). For purposes of Title VII, an "employer" is defined as "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current of preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Therefore, the court dismisses the individual Defendants Cooper, Delgado, Hager, Khalio, Lopez, Salinas, and Vazquez.

Plaintiff alleges both claims for discrimination on the basis of race and retaliation. However, under the belief that only a retaliation claim is brought, Defendant Flair Interiors seeks to dismiss this case by dismissing the retaliation claim. In support of this belief, Defendant Flair Interiors points to language in the Complaint that states, "There was 4 personel [sic] in management that knew of situation or actions that had happened, but yet when I make a remark they fire me but not others." While this language does indicate that retaliation is part of Plaintiff's lawsuit, it does not support Defendant Flair Interiors' belief that this is the sole claim in the Complaint. In any case, construed liberally, Plaintiff's Complaint provides sufficient allegations to defeat a motion to dismiss her retaliation claim. She alleges a protected activity, namely, that she complained about the perceived racial discrimination for which she was allegedly fired.

Likewise, Plaintiff may proceed on her discrimination claim, which the Defendant does not challenge. Plaintiff alleges that she was treated differently than her coworkers because of her race: Flair Interiors' employees ignored her requests to fix her machine, she was unable to meet with the plant manager, and she did not receive overtime or an equal share of high-paying work.

5

Accepting these allegations as true, it can reasonably be inferred that Defendant Flair Interiors is liable for discriminating against Plaintiff because of her race. Accordingly, Defendant Flair Interiors' Motion to Dismiss must be denied.

**D.  Conclusion**

Defendants Randy Cooper, Linda Delgado, Jewell Hager, Tony Khalio, Nellie Rosa Lopez, Juan Salinas, and Marcela Vazquez are dismissed from this case. Defendant Flair Interiors' Motion to Dismiss (DE 14) is denied.

SO ORDERED on January 25, 2010.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge